UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUDSON GLOBAL RESOURCES
MANAGEMENT, INC.,

        **Plaintiff,**

vs.                                  **Case No. 8:05-CV-1446-T-27TBM**[1]

JASON BECK, STEVEN BELBOT, DAVID
GANNAWAY, and TECH USA, INC.,

        **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Defendant, David Gannaway's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 21), David Gannaway's Affidavit in Support (Dkt. 28), and Plaintiff's Response (Dkt. 34). Upon consideration, Defendant's motion is GRANTED.

Plaintiff, Hudson Global Resources Management, Inc., a staffing business that recruits technical and specialized employees on behalf of its clients, initiated this action against three former employees, David Gannaway ("Gannaway"), Jason Beck ("Beck"), and Steven Belbot ("Belbot"), alleging that "they joined in a conspiracy and concerted action to leave Hudson, *en masse*, and join a competitor," Defendant, Tech USA, Inc. ("Tech USA"). (Dkt. 6, Am. Compl.; Dkt. 34, p. 1). Plaintiff seeks entry of a permanent injunction, imposition of a constructive trust, restitution, damages, punitive damages, and costs. (Dkt. 6, pp. 14-15).

Gannaway is a Georgia resident and worked for Plaintiff in its Atlanta office from November 2003 though May 2005. (Dkt. 6, ¶¶ 4, 29 & 32). Plaintiff alleges that during Gannaway's

---

[1] Following recusal by Judge Lazzara and reassignment of this case (Dkt. 11), the case number changed to 8:05-CV-1446-T-27TBM. The parties shall use the new case number on all future filings.

employment, Gannaway communicated with Beck, a Florida resident, and Belbot, a Maryland resident, to solicit, encourage, recruit, and conspire to resign and work for Tech USA. (Dkt. 6, ¶¶ 59, 63 & 69). Plaintiff further alleges that Gannaway breached his fiduciary duty and duty of loyalty to Plaintiff by participating in the conspiracy and by failing to disclose the disloyal activities of his co-conspirators. (Dkt. 6, ¶¶ 62-64, 66-67). Plaintiff's claims against Gannaway include: tortious interference (Count IV), breach of duty of loyalty/fiduciary duty (Count V), participating in a breach of fiduciary duty/duty of loyalty (Count VI), and civil conspiracy (Count VII). (Dkt. 6, pp. 11-14). Plaintiff alleges that venue is proper in the Middle District of Florida because: 1) Beck resides in the Middle District of Florida; 2) Tech USA does business in the Middle District of Florida; and 3) acts giving rise to the causes of action against each Defendant occurred in the Middle District of Florida. (Dkt. 6, ¶ 9).

Gannaway moves to dismiss Plaintiff's claims against him for lack of personal jurisdiction. (Dkt. 21). Specifically, Gannaway contends that Plaintiff has failed to sufficiently plead a basis for long-arm jurisdiction and that *in personam* jurisdiction over him is not proper under either Florida's long-arm statute or the Due Process Clause of the Fourteenth Amendment. (Dkt. 21, p. 1). In his affidavit, Gannaway denies that he operates or conducts business in Florida, is a party to any contracts in Florida, or owns property in Florida. (Dkt. 28, pp. 1-2, ¶¶ 3-4, 6-8, 10). Gannaway denies that he has ever committed a tortious act in Florida or caused injury to persons or property in Florida. (Dkt. 28, pp. 1-2, ¶¶ 5, 9). Gannaway further denies that he is or was "involved in any conspiracy to harm Plaintiff or to assist, encourage or participate in misappropriation of trade secrets, tortious interference with Plaintiff's business relations, or breach of fiduciary duties and/or duties of loyalty." (Dkt. 28, p. 3, ¶ 15).

### *Applicable Standards*

The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). A plaintiff must establish a *prima facie* case of jurisdiction to survive a motion to dismiss. *Id.* Plaintiff may establish a *prima facie* case by presenting sufficient evidence to withstand a motion for directed verdict. *Id.* Once a plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). A defendant wishing to contest the allegations of the complaint concerning jurisdiction must file affidavits in support of his position. *Id.* If a defendant offers affidavits in support of his position, plaintiff must then prove "by affidavit the basis upon which jurisdiction may be obtained" and cannot merely rely on factual allegations in the complaint. *Id.*

The facts alleged in plaintiff's complaint are accepted as true, to the extent that they are not controverted by defendant. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (*citing Morris*, 843 F.2d at 492). Where the allegations or evidence presented by the parties conflict, all reasonable inferences are drawn in favor of the plaintiff. *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir. 2000); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

### *Discussion*

Courts employ a two-part analysis in determining whether personal jurisdiction over a nonresident defendant exists. *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1521 (11th Cir. 1985). First, the jurisdictional issue is examined under the state long-arm statute. *Cable/Home Commc'n Corp.*, 902 F.2d at 855 (*citing Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989)). Second, courts ascertain whether sufficient

"minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Cable/Home Commc'n Corp.*, 902 F.2d at 855 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*internal citations omitted*)).

In determining whether long-arm jurisdiction is appropriate, Florida courts consider whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the Florida long-arm statute, § 48.193, FLA. STAT. (2001). *Venetian Salami Co.*, 554 So. 2d at 502. The Florida long-arm statute must be strictly construed, and the plaintiff has the burden of proving facts which justify use of the statute. *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank*, 701 F.2d 889, 891 (11th Cir. 1983); *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000), *cert. denied*, 531 U.S. 818 (2000).

In moving to dismiss, Gannaway argues that Plaintiff does not refer to any provision of the long-arm statute and does not allege any facts to establish personal jurisdiction in its Complaint. Further, Gannaway argues that Plaintiff does not allege that he committed a tortious act in Florida or that he caused injury to persons or property in Florida, and no other provisions of the statute are applicable in this case. Gannaway argues that even if Plaintiff has alleged a basis for long-arm jurisdiction, Plaintiff has not met its burden of establishing the basis for jurisdiction. In response, Plaintiff argues that it sufficiently plead a basis for long-arm jurisdiction in its Complaint based on its allegation that Gannaway committed a tortious act in Florida.[2]

Based on this Court's reading of Plaintiff's Complaint, Plaintiff has not sufficiently alleged

---

[2] Section 48.193(1)(b) provides: "Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: (b) Committing a tortious act within this state . . . ."

a *prima facie* case of jurisdiction. Plaintiff's Complaint does not reference any provision of the long-arm statute and does not assert any allegations that specifically establish a basis for long-arm jurisdiction. The Complaint makes no reference to any conduct by Gannaway in Florida.[3] Moreover, although Plaintiff alleges that Beck is a resident of Florida, Plaintiff's Complaint does not reference any conduct by Beck in Florida in furtherance of the conspiracy. Simply put, Plaintiff alleges that Defendants engaged in a conspiracy and other tortious conduct, but the Complaint does not allege the location where any of that conduct occurred.[4] In addition, Plaintiff does not allege in its Complaint that it sustained injury in Florida. Plaintiff's Complaint does not contain sufficient material facts to form a basis for personal jurisdiction under the long-arm statute.

Even assuming Plaintiff's Complaint established a *prima facie* case of long-arm jurisdiction, Plaintiff has not met its burden of responding to Gannaway's jurisdictional challenge. Gannaway filed an affidavit in support of his motion in which he specifically denies that he has ever committed a tortious act in Florida, caused injury to persons or property in Florida, or participated in, assisted with, or encouraged a conspiracy to cause harm to Plaintiff.[5] (Dkt. 28, pp. 1-3, ¶¶ 5, 9, 15). Based

---

[3] Physical presence in Florida is not required to commit a tortious act for purposes of Florida's long-arm statute. *Wendt v. Horowitz*, 822 So. 2d 1252, 1258-60 (Fla. 2002). A telephone communication into Florida from out of state falls within the long-arm statute. *Id.* at 1260. However, Plaintiff has not alleged in its Complaint that Gannaway communicated with Beck in Florida, via telephone or otherwise.

[4] Plaintiff is correct that if a plaintiff alleges that a member of an alleged conspiracy committed tortious acts in Florida in furtherance of the conspiracy, then all of the conspirators are subject to jurisdiction in Florida pursuant to § 48.193(1)(b). *Execu-Tech Bus. Sys., Inc.*, 752 So. 2d at 585-86; *Wilcox v. Stout*, 637 So. 2d 335, 337 (Fla. Dist. Ct. App. 1994). However, Plaintiff has not alleged in its Complaint that Defendants, including Beck, participated in any conduct in furtherance of a conspiracy in Florida.

[5] Plaintiff argues that Gannaway's affidavit contains only "bare legal conclusions" and is therefore insufficient to shift the burden back to it "to supplement its jurisdictional allegations." (Dkt. 34, p. 14). However, the Court finds that Gannaway's affidavits sets forth specific denials of tortious conduct and includes more than conclusory denials that he is not subject to jurisdiction. Gannaway's affidavit contains allegations, which if taken as true, show that his conduct does not make him amenable to service. *See Acquadero v. Bergeron*, 851 So. 2d 665, 672 (Fla. 2003); *see also Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (*citing Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999)).

on the filing of Gannaway's affidavit, and the denials contained therein, Plaintiff is required to prove "by affidavit the basis upon which jurisdiction may be obtained" and cannot merely rely on factual allegations in the complaint.[6] *See Venetian Salami Co.*, 554 So. 2d at 502; *Cable/Home Commc'n Corp.*, 902 F.2d at 855 (the facts alleged in plaintiff's complaint are accepted as true only to the extent that they are not controverted by defendant). Plaintiff has not filed an affidavit in response to Gannaway's jurisdictional challenge and merely relies on the factual allegations in its Complaint. Even accepting the allegations in Plaintiff's Complaint as true, to the extent they are uncontroverted, Plaintiff's Complaint fails to establish personal jurisdiction over Gannaway in this Court.[7]

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, David Gannaway's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 21) is **GRANTED**. Plaintiff's claims against David Gannaway (Counts IV, V, VI and VII) are **DISMISSED without prejudice**. Plaintiff may refile its Amended Complaint as to its claims against Gannaway within thirty (30) days of the date of this Order.

**DONE AND ORDERED** in chambers this 19th day of June, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[6] Plaintiff's allegation that venue is proper in the Middle District of Florida because "acts giving rise to the causes of action against each Defendant occurred in the Middle District of Florida" is insufficient to establish personal jurisdiction over Gannaway. (Dkt. 6, ¶ 9).

[7] As Plaintiff has failed to establish the existence of jurisdiction over Gannaway under the long-arm statute, it is unnecessary to address due process considerations. Notwithstanding, to establish that personal jurisdiction is proper in this Court, Plaintiff's Complaint must allege that Gannaway had sufficient "minimum contacts" with the state of Florida and that the exercise of jurisdiction over defendant does not offend "traditional notions of fair play and substantial justice." *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 258 (11th Cir. 1996).